IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02414-WYD-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ERIC R. MAJORS; and
JOSHUA N. WOLCOTT,

    Defendants.

---

**FINAL JUDGMENT AND
SECOND ORDER OF PERMANENT INJUNCTION
AS TO DEFENDANT JOSHUA N. WOLCOTT**

---

The Securities and Exchange Commission having filed a Complaint and Defendant Joshua N. Wolcott having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment and Second Order Of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment and Second Order Of Permanent Injunction:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second

Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12-b20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] promulgated thereunder by knowingly providing substantial assistance to an issuer of securities registered pursuant to Section 12 of the Exchange Act that:

    (a)    fails to file with the Commission, in accordance with rules and regulations that the Commission has prescribed, information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application statement or registration statement filed pursuant to Section 12 of the Exchange Act;

(b) fails to file such annual and quarterly reports as the Commission may prescribe; or

(c) fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in light of the circumstances under which such statements were made, not misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 [17 C.F.R. § 240.13d-2] thereunder by, if directly or indirectly the beneficial owner of more than five percent of a company's class of stock registered under Section 12 of the Exchange Act, failing to file reports with the issuer and the Commission that accurately and fairly reflect their beneficial ownership of any equity security which is registered pursuant to Section 12 of the Exchange Act and any material increase or decrease in the percentage of stock beneficially owned.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Sections 16(a)(1) and 16(a)(2)(C) of the Exchange Act [15 U.S.C. §§ 78p(a)(1), 78p(a)(2)(C)] and Rules 16a-2 and 16a-3 [17 C.F.R. §§ 240.16a-2, 240.16a-3] thereunder by, if directly or indirectly the beneficial owner of more than ten percent of a class of equity stock registered under Section 12 of the Exchange Act, failing to file with the Commission (and, if such security is registered on a national securities exchange, failing to file with the exchange), the required disclosure statements regarding transactions in such securities.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 302 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 1741] and Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] promulgated thereunder by, if a principal executive officer of a company required to file periodic reports under Sections 13(a) or 15(d) of the Exchange Act, a principal financial officer of such a company, or a person performing similar functions to the foregoing positions, failing to sign and file accurate certifications that he has reviewed the issuer's annual and quarterly reports and that, based on his knowledge, the report does not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the

circumstances under which such statements were made, not misleading.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Second Consent of Defendant Joshua N. Wolcott is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order of

Permanent Injunction as to Defendant Joshua N. Wolcott [docket # 30] entered by this Court on April 18, 2008 be, and hereby is, lifted.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and Second Order Of Permanent Injunction.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment and Second Order Of Permanent Injunction forthwith and without further notice.

Dated this 7th day of July, 2010.

BY THE COURT:


s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
CHIEF UNITED STATES DISTRICT JUDGE