IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No.   07-cv-02414-WYD-MJW

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

ERIC R. MAJORS; and
JOSHUA N. WOLCOTT,

       Defendants.

## JUDGMENT

Pursuant to and in accordance with the Final Judgment and Second Order of Permanent Injunction as to Defendant Joshua N. Wolcott, filed on July 7, 2010, by the Honorable Wiley Y. Daniel, Chief United States District Judge, that there be no just reason for delaying the entry of final judgment in accordance with Fed. R. Civ.P. 54(b), this judgment is entered as follows:

IT IS HEREBY

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h]. It is further

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. It is further

FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. It is further

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12-b20,

13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] promulgated thereunder by knowingly providing substantial assistance to an issuer of securities registered pursuant to Section 12 of the Exchange Act that:

    (a)    fails to file with the Commission, in accordance with rules and regulations that the Commission has prescribed, information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application statement or registration statement filed pursuant to Section 12 of the Exchange Act;

    (b)    fails to file such annual and quarterly reports as the Commission may prescribe; or

    (c)    fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in light of the circumstances under which such statements were made, not misleading. It is further

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-2 [17 C.F.R. § 240.13d-2] thereunder by, if directly or indirectly the beneficial owner of more than five percent of a company's class of stock registered under Section 12 of the Exchange Act, failing to file reports with the issuer and the Commission that accurately and fairly reflect their beneficial ownership of any equity security which is registered pursuant to Section 12 of the Exchange Act and any

material increase or decrease in the percentage of stock beneficially owned.  It is further

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Sections 16(a)(1) and 16(a)(2)(C) of the Exchange Act [15 U.S.C. §§ 78p(a)(1), 78p(a)(2)(C)] and Rules 16a-2 and 16a-3 [17 C.F.R. §§ 240.16a-2, 240.16a-3] thereunder by, if directly or indirectly the beneficial owner of more than ten percent of a class of equity stock registered under Section 12 of the Exchange Act, failing to file with the Commission (and, if such security is registered on a national securities exchange, failing to file with the exchange), the required disclosure statements regarding transactions in such securities.  It is further

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment and Second Order Of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 302 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 1741] and Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] promulgated thereunder by, if a principal executive officer of a company required to file periodic reports under Sections 13(a) or 15(d) of the Exchange Act, a principal financial officer of such a company, or a person performing similar functions to the foregoing positions, failing to sign and file accurate certifications that he has reviewed the issuer's annual and quarterly reports and that, based on his knowledge, the report does not contain any untrue statement of material fact or omit to state a material fact necessary to make

the statements made, in light of the circumstances under which such statements were made, not misleading.  It is further

ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].  It is further

ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].  It is further

ORDERED, ADJUDGED, AND DECREED that the Second Consent of Defendant Joshua N. Wolcott is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.  It is further

ORDERED, ADJUDGED, AND DECREED that the Order of Permanent Injunction as to Defendant Joshua N. Wolcott [docket # 30]  entered by this Court on April 18, 2008 be, and hereby is, lifted.  It is further

ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this

matter for the purposes of enforcing the terms of this Final Judgment and Second Order Of Permanent Injunction.  It is further

ORDERED that Plaintiff shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen (14) days of entry of judgment.

DATED at Denver, Colorado this 5th day of August, 2010.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK

s/ Edward P. Butler
Edward P. Butler,
Deputy Clerk

APPROVED AS TO FORM:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE